**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

August 31, 2026

Lubos Naprstek
24 Briar Court
Hamburg, NJ
*Pro se Plaintiff*

Laura K. Conroy
Husch Blackwell LLP
1801 Pennsylvania Ave. NW
Suite 1000
Washington, DC 20006
*Counsel for Defendants Federal National Mortgage Association ("Fannie Mae") and Shellpoint Mortgage Servicing*

Gregory Joseph Hindy
McCarter & English LLP
100 Mulberry St.
Newark, NJ 07102
*Counsel for Defendants Toll Brothers, Inc. and Toll Brothers Mortgage Company*

Philip S. Rosen
Zeichner, Ellman & Krause LLP
33 Wood Avenue South
Iselin, NJ 08830
*Counsel for Defendant Bank of America, N.A.*

Diane B. Carvell
Weber Gallagher Simpson Stapleton Newby & Fires LLP
2000 Market Street
Suite 1300
Philadelphia, PA 17101
*Counsel for Defendant Safeguard Properties Management, LLC*

**LETTER OPINION FILED WITH THE CLERK OF THE COURT**

**Re:** ***Naprstek et al. v. Federal National Mortgage Association (Fannie Mae) et al., Civ. No. 26-126 (SDW) (MAH)***

Parties:

Before this Court are Defendants Federal National Mortgage Association ("Fannie Mae") and Newrez LLC d/b/a Shellpoint Mortgage Servicing's ("Shellpoint") Motion to Dismiss (D.E. 21), Toll Brothers, Inc. and Toll Brothers Mortgage Company's ("TMBC") Motion to Dismiss (D.E. 14), Safeguard Properties Management, LLC's ("Safeguard") Motion to Dismiss (D.E. 3), and Bank of America, N.A.'s ("BoA") Motion to Dismiss (D.E. 23) *pro se* Plaintiff Lubos Naprstek's[1] ("Plaintiff") Complaint[2] (D.E. 1-3 ("Compl.")), pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Jurisdiction is proper pursuant to 28 U.S.C. § 1332. Venue is proper pursuant to 28 U.S.C. § 1441. This Opinion is issued without oral argument pursuant to Rule 78. For the reasons set forth herein, Defendants' Motions to Dismiss are **GRANTED WITH PREJUDICE.**

## I. FACTUAL AND PROCEDURAL BACKGROUND[3]

### A. The Loan and State Court Foreclosure Proceedings

The facts of this case long predate the present lawsuit. In December 2006, Lubos and Dana Naprstek obtained a mortgage loan from TBI Mortgage Company, a predecessor to Defendant Toll Brothers Mortgage Company ("TBMC"), to purchase a home in Hamburg, New Jersey. (Compl. ¶ 33–34.) In January 2007, Countrywide Home Loans ("Countrywide") notified Plaintiff that it had acquired the loan from TBMC, and in 2009, Countrywide filed a foreclosure action against Plaintiff. (*Id.* ¶ 35; *Naprstek v. Ditech Fin. LLC, et al.*, No. 18-11442, D.E. 1 ¶¶ 33–34). This case was dismissed in 2013 for lack of prosecution. (*Ditech Fin.*, No. 18-11442, D.E. 1 ¶ 38.)

In 2016, non-party Ditech Financial LLC ("Ditech") became the assignee on Plaintiff's mortgage and filed another foreclosure action. (*Id.*, D.E. 20-6, 20-15.) On October 17, 2017, the Superior Court of New Jersey entered a foreclosure judgment in Ditech's favor. (*Id.*) However, in September 2019, Ditech and Plaintiff modified the mortgage and refinanced the loan, and the Superior Court vacated the foreclosure judgment in May 2020. (Compl. at 16.)

### B. The 2018 Federal Action

---

[1] Plaintiff Dana Naprstek was originally a party to this action but voluntarily dismissed her claims on May 5, 2026. (D.E. 33.)

[2] Plaintiff's Complaint was filed as part of Exhibit A to Defendant Safeguard's Notice of Removal from the Superior Court of New Jersey, Sussex County. For purposes of this Opinion, "Complaint" refers to pages 2–44 of D.E. 1-3.

[3] This Court may take judicial notice of the record of prior proceedings between the parties at the motion to dismiss stage. *Karatzas v. Mass Mut. Fin. Grp.*, No. 16-1302, 2016 WL 6953421, at *2 (D.N.J. Nov. 28, 2016).

On July 6, 2018, Plaintiff sued in this District challenging the foreclosure and asserting claims against Ditech, TBMC, Shellpoint, and other defendants (the "2018 Action"). (*See Ditech Fin.*, No. 18-11442, D.E. 1.) In July 2022, the Court dismissed Plaintiff's second amended complaint without prejudice, concluding that the claims were either time-barred or failed to state a claim, and granted Plaintiff thirty days to file a third amended complaint. *Naprstek v. Ditech Fin. LLC, et al.*, No. 18-11442, 2022 WL 2816898, at *7 (D.N.J. July 19, 2022). Plaintiff did not do so.

C. The 2024 Federal Action

On April 29, 2024, Plaintiff filed a new action in the Superior Court, Sussex County, against Shellpoint. (*Naprstek v. Newrez*, No. 24-7832, D.E. 1.) After Shellpoint removed the case to federal court and moved to dismiss, this Court granted Shellpoint's motion without prejudice. (*Id.*, D.E. 2, 3.) After Plaintiff filed an amended complaint and Shellpoint again moved to dismiss, this Court dismissed the action with prejudice, concluding that, given the parties' extensive litigation history and that most of Plaintiff's claims were time-barred, further amendment would be futile. (*Id.*, D.E. 8, 23, 34.) Plaintiff did not appeal the dismissal.

D. The Instant Case[4]

On September 16, 2022, rather than filing a third amended complaint in the 2018 Action, Plaintiff filed the instant Complaint in the Superior Court of New Jersey, Sussex County. (Compl. at 2–44.) The Complaint closely resembles the second amended complaint in the 2018 Action that the Court previously dismissed. On January 28, 2023, because Plaintiff failed to serve the Complaint on any Defendant, the matter was dismissed for lack of prosecution. (D.E. 1 ¶ 3.) In September 2025, Plaintiff moved to reinstate the case, and it was reinstated on November 21, 2025. (Id. ¶¶ 4–5.) Defendant Safeguard removed the matter to this Court on January 8, 2026. (*See generally* D.E. 1.) Defendants thereafter moved to dismiss, and Plaintiff has failed to oppose any of the Defendants' Motions to Dismiss. (D.E. 3, 14, 21, 23.)

## II. LEGAL STANDARD

To withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Determining whether allegations are plausible is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

[4] Another suit is also pending in this District before Judge Esther Salas, at Civil Docket No. 26-504, which was also initially filed in the Superior Court of New Jersey, Sussex County before being removed to federal court.

When deciding a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief may be granted, federal courts "must accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff," and determine "whether [the] plaintiff may be entitled to relief under any reasonable reading of the complaint." *Mayer v. Belichik*, 605 F.3d 223, 229 (3d Cir. 2010). If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to show "that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "[L]abels and conclusions" or a "formulaic recitation of the elements of a cause of action" are insufficient to withstand a motion to dismiss. *Twombly*, 550 U.S. at 555.

## III. DISCUSSION

### A. Res Judicata

The doctrine of res judicata bars a party from relitigating claims that were or could have been raised in a prior action that resulted in a final judgment on the merits. *Allen v. McCurry*, 449 U.S. 90, 94 (1980) (citing *Cromwell v. Sac Cnty.*, 94 U.S. 351, 365 (1876)). To invoke res judicata, a party must show: (1) a final judgment on the merits in a prior suit; (2) the same parties or their privies; and (3) a subsequent suit based on the same cause of action. *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir. 1991) (citing *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 983 (3d Cir. 1984)). In determining whether two suits involve the same cause of action, courts consider the "essential similarity of the underlying events giving rise to the various legal claims." *Duhaney v. Att'y Gen. of U.S.*, 621 F.3d 340, 348 (3d Cir. 2010) (quoting *Lubrizol Corp.*, 929 F.2d at 963)). A dismissal for failure to state a claim constitutes a final judgment on the merits for res judicata purposes. *Lewis v. Smith*, 361 F. App'x 421, 423 (3d Cir. 2010).

Here, the factual basis of the Complaint is duplicative of the facts previously adjudicated in the New Jersey foreclosure proceedings and in the 2018 and 2024 federal actions. This Court and the Court in the 2018 Action have already addressed these claims and dismissed them on the merits, resulting in final judgments. *See Naprstek v. Ditech Fin. LLC, et al.*, No. 18-1442, 2022 WL 2816898, at *7 (D.N.J. July 19, 2022); *Naprstek v. Newrez*, No. 24-7832, 2025 WL 2982201, at *5 (D.N.J. Oct. 21, 2025). As Plaintiff again asserts the same claims against the same parties based on the same underlying events, the claims are barred by res judicata, and the Complaint must be dismissed.

### B. Entire Controversy Doctrine

Consistent with the principle a legal controversy should be resolved in a single proceeding in a single court, New Jersey's entire controversy doctrine requires parties to assert all related claims arising from a single controversy in one action. *Rodrigues v. Wells Fargo Bank, N.A.*, 751 F. App'x 312, 316 (3d Cir. 2018). Here, Plaintiff reasserts claims raised in his prior suits, and to the extent that any claims are not duplicative, they nonetheless arise from his mortgage loan and therefore should have been brought in the foreclosure action or in the other federal civil actions he previously filed.

## V. CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss are **GRANTED WITH PREJUDICE**. Because this Court has already dismissed the same claims arising under the same facts, this Court finds that granting Plaintiff leave to amend would be futile. This case shall be closed. An appropriate order follows.

/s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties
Michael A. Hammer, U.S.M.J.